**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ERIC MBANGU,**

      **Plaintiff,**

                                **Civil Action 2:13-cv-575**
    **v.**                            **Judge Gregory L. Frost**
                                **Magistrate Judge Elizabeth P. Deavers**

**ARMY AND AIR FORCE EXCHANGE,**

      **Defendant.**

## REPORT AND RECOMMENDATION

    Plaintiff filed his Complaint in this action on June 17, 2013.  On July 18, 2013, a summons was returned executed as to Army and Air Force Exchange.  (ECF No. 4.)  Because Army and Air Force Exchange is an agency of the United States, Plaintiff was also required to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee" in order to properly effect service over Defendant.  Fed. R. Civ. P. 4(i)(2).  On December 6, 2013, the Court issued an Order denying Plaintiff's Motion for Default Judgment because Plaintiff failed to meet the requirements of Rule 4(i) with respect to service of summons upon an agency of the United States.  (ECF No. 14.)  The Court further stated that "[s]ervice upon the United States entails delivering a copy of the summons and complaint to (1) the United States attorney for the district in which the action is brought and (2) the Attorney General of the United States at Washington D.C." (*Id.*)

    On December 12, 2013, the Court ordered Plaintiff to show cause why the Court should

allow him an extension of time in which to effect service over the appropriate parties.  (ECF No. 16.)  Plaintiff responded by moving for additional time to effect service.  (ECF No. 18.)  The Court granted Plaintiff's Motion and, as a courtesy, directed the Clerk to provide Plaintiff with blank summons and Marshal forms.  (ECF No. 20.)  Plaintiff returned the summons and Marshal forms on January 28, 2014, but addressed the forms to Army and Air Force Exchange.  The Court again granted Plaintiff additional time to serve the United States Attorney for the Southern District of Ohio and the Attorney General of the United States.  (ECF No. 21.)  The Court cautioned Plaintiff that failure to comply with the Order would result in dismissal of this case without prejudice.  (*Id.*)  To date, Plaintiff has failed to comply with the Court's Order.

Pursuant to Federal Rule of Civil Procedure 4(m), when a plaintiff fails to serve a defendant within 120 days of filing the complaint, and fails to show good cause for lack of service, the Court may dismiss the action without prejudice.  Fed. R. Civ. P. 4(m).  Accordingly, having failed to effect service or comply with the Court's Orders, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action without prejudice.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: February 24, 2014                                   ____/s/ *Elizabeth A. Preston Deavers*____
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge

3