UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC MBANGU,

  Plaintiff,

            Case No. 2:13-cv-575
 v.           JUDGE GREGORY L. FROST
            Magistrate Judge Elizabeth P. Deavers

ARMY & AIR FORCE EXCHANGE,

  Defendant.

## OPINION & ORDER

  This matter is before the Court for consideration of the Magistrate Judge's February 24, 2014 Report and Recommendation ("R&R"). (ECF No. 22.) In that filing, the Magistrate Judge addressed Plaintiff's failure to perfect service pursuant to Federal Rule of Civil Procedure 4(i)(2). Because Defendant is an agency of the United States, Rule 4(i)(2) requires that Plaintiff send a copy of the summons and complaint by registered or certified mail to three entities: (1) the Army & Air Force Exchange, (2) the United States Attorney's Office for the Southern District of Ohio, and (3) the Attorney General of the United States at Washington, D.C. FED. R. CIV. P. 4(i)(2). Plaintiff, however, served only the Army & Air Force Exchange. (ECF No. 5.) Service therefore remains incomplete.

  On December 6, 2013, the Court specifically instructed Plaintiff that he must serve the United States Attorney's Office for the Southern District of Ohio and the Attorney General of the United States at Washington, D.C. (ECF No. 14.) The Court granted Plaintiff two extensions of time in which to perfect service and even directed the Clerk to provide Plaintiff with the appropriate forms. (ECF Nos. 20 & 21.) But, despite the fact that 252 days had elapsed since

Plaintiff filed his complaint, Plaintiff failed to comply with the Court's instructions. The Magistrate Judge therefore recommended that Plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m).

Plaintiff objected to the R&R. (ECF No. 24). When a party timely objects to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his objection, Plaintiff argues that he is entitled to a continuance "so the Defendant gets properly served." (ECF No. 24.) Plaintiff asserts that he "sent two summons [sic] to the United States District attorney in Ohio and attorney General at Washington, DC through a Register mail to the clerk of court on February 7, 2014 and was delivered on February 10, 2014." (*Id.*) Plaintiff attached to his objections a tracking number purporting to show that a package was delivered to an unidentified address in Columbus, Ohio. (*Id.*)

Plaintiff's objection to the R&R is not well taken. Pursuant to Rule 4(l), proof of service must be made to the Court by the server's affidavit. FED. R. CIV. P. 4(l).[1] Affidavits, in general, must be sworn or made under oath before an authorized officer. *Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012) (citing *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990)). A party may submit an unsworn declaration in lieu of a sworn affidavit; however, the declaration must state that the signing party certifies "under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S.C. § 1746(1).

---

[1] Rule 4(l) does not require an affidavit in certain circumstances, none of which are at issue in this case.

Plaintiff's unsworn assertions regarding service in his objection are insufficient to prove service pursuant to Rule 4(l).  Moreover, Plaintiff asserts that he mailed two summonses to the appropriate government entities, but includes only a single tracking number indicating that a package was delivered in Columbus, Ohio.  (ECF No. 24.)  It therefore appears from his objection that Plaintiff did not serve the Attorney General of the United States at Washington, D.C., despite being informed by the Court on three occasions that he must do so.

The Court acknowledges that failure to prove service does not affect the validity of service, and that it may allow proof of service to be amended.  FED. R. CIV. P. (l)(3).  Here, however, Plaintiff has had numerous chances to perfect service.  The Court finds no good cause that would justify another extension of time.

To date, almost 300 days have elapsed since Plaintiff filed his complaint.  Plaintiff received specific instructions regarding how to properly serve Defendant, yet he failed to comply with those instructions.  Accordingly, pursuant to Rule 4(m), the Court finds that dismissal of Plaintiff's complaint is proper.  The Magistrate Judge correctly recommended that Plaintiff's complaint be dismissed without prejudice.

Having conducted a *de novo* review and after consideration of the R&R and Plaintiff's objection thereto, the Court **OVERRULES** Plaintiff's objection (ECF No. 24), **ADOPTS** the R&R (ECF No. 22), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE